.IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

COMMINY CRAWFORD,

    Petitioner,

v.

BROOKS L. BENTON,

    Respondent.

CIVIL ACTION NO.: 6:16-cv-160

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Comminy Crawford ("Crawford"), who is currently incarcerated at Whitworth Women's Facility in Hartwell, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging her conviction obtained in the Toombs County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 17, 18), and Crawford filed a Response to Respondent's Motion to Dismiss. (Doc. 21.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Respondent's Motion to Dismiss. (Doc. 18.)

### BACKGROUND

Crawford entered an Alford[1] plea to one count of shoplifting in the Toombs County Superior Court on November 19, 2014. (Doc. 19-1, p. 1.) She was given a sentence of ten years, with five to serve in prison, pursuant to O.C.G.A. § 17-10-7(c). (Id.) Crawford did not file a direct appeal.

---

[1] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970).

Crawford filed a motion to modify her sentence in the Toombs County, Georgia, Superior Court on May 15, 2015, which that court denied on May 21, 2015. (Docs. 19-2, 19-3.) Crawford then filed a state habeas corpus petition on June 9, 2015.[2] (Doc. 19-4.) She alleged prosecutorial misconduct and that she was denied effective assistance of counsel. (Doc. 19-4, pp. 5–6.) Following an evidentiary hearing on October 28, 2015, the state habeas court denied relief on March 22, 2016. (Doc. 19-5.) Crawford did not file an application for a certificate of probable cause to appeal the state habeas court's denial of relief.

## DISCUSSION

Crawford filed this federal petition for writ of habeas corpus on November 7, 2016. (Doc. 1.) Crawford challenges her Toombs County convictions on four grounds. First, Crawford alleges that her counsel was ineffective because her counsel failed to appropriately investigate the facts pertaining to Crawford's shoplifting charges. (Id. at p. 7.) Second, Crawford alleges that she was improperly classified as a repeat offender under O.C.G.A. § 17-10-7(c). (Id.) Third, Crawford alleges prosecutorial misconduct, citing the prosecutor's failure to provide notice that he intended to introduce her prior convictions. (Id.) Finally, Crawford alleges that her counsel failed to present any mitigating circumstances. (Id.)

Respondent avers Crawford's Petition was untimely filed and should be dismissed. (Doc. 18.) Crawford responds that, if her Petition is untimely, the Court should excuse her

---

[2] Plaintiff signed her application for writ of habeas corpus, (doc. 19-4), on June 9, 2015. (Doc. 19-4, p. 7.) "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) (quoting Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Unless there is evidence to the contrary, like prison logs or other records," a court can "assume that a prisoner's motion was delivered to prison authorities on the day [s]he signed it." Id. at 1205 (citation omitted). In this case, there is nothing before the Court which indicates that Plaintiff did not place her state habeas corpus petition in the prison mail system on June 9, 2015.

untimeliness because the state habeas court "sent paperwork and legal documents late and to [the] wrong address." (Doc. 21, p. 1.) The Court now addresses Respondent's assertion.

To determine whether Crawford's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Crawford's conviction became final at the time of her completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Crawford was convicted in the Toombs County Superior Court on November 19, 2014. Crawford had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Crawford did not file an appeal, and, accordingly, her conviction became final on December 19, 2014. Because Crawford's conviction became final on December 19, 2014, she had one year from that date in

which to file a timely federal habeas petition—until December 21, 2015. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

At first blush, it appears that Crawford's Petition is untimely. As noted above, Crawford's conviction became final on December 19, 2014. She had one year from that date—until December 21, 2015—to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Crawford filed her Section 2254 Petition on November 7, 2016. However, certain events occurred which tolled the applicable statute of limitations period.

On May 15, 2015, 147 days after her conviction became final, Crawford filed a motion to modify sentence. The Toombs County, Georgia Superior Court denied that motion on May 21,

2015. (Docs. 19-2, 19-3.) During the six days in which her motion to modify sentence was pending, the statute of limitations was tolled.[3] The clock began to run again on May 21, 2015, and ran for a period of nineteen (19) days until June 9, 2015, when Crawford filed a state habeas action. Once again, the statute of limitations was tolled while Crawford's state habeas petition was pending. The state habeas court denied Crawford's habeas petition on March 22, 2016. (Doc. 19-5.) The statute of limitations remained tolled until April 21, 2016, when the time in which Crawford could file either a notice of appeal or a certificate of appeal in the Georgia Supreme Court expired. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (finding that petitioner's state habeas petition remained pending until the thirty-day deadline for appealing the denial of his state habeas corpus petition to the Georgia Supreme Court passed and, therefore, tolled the statute of limitations). Crawford did neither. Accordingly, the clock began to run again on April 21, 2016, and ran through November 7, 2016, for a period of two hundred (200) days, when Crawford filed her Section 2254 Petition in this Court.

Accordingly, although 689 days passed from the date Crawford's conviction became final on December 19, 2014, until she filed the instant Petition on November 7, 2016, the statute of

---

[3] Whether Petitioner's motion to modify sentence tolled the statute of limitations requires analysis of Eleventh Circuit and Supreme Court precedent. In Bridges v.Johnson, 284 F.3d 1201, 1204 (11th Cir. 2002), the United States Court of Appeals for the Eleventh Circuit held that "an application for sentence review does not . . . toll the one-year limitations period" applicable to Section 2254 petitions. In that case, the Eleventh Circuit explained that a petitioner's post-judgment application to a sentence review panel did not qualify under 28 U.S.C. § 2244(d)(2) to toll the limitations period because the panel's decision is not reviewable; the panel does not have authority to increase or eliminate a sentence; and the panel is not required to issue a written opinion. Id. at 1203. However, the United States Supreme Court has held that a petitioner's motion to reduce sentence tolls the limitations period when that motion involves, *inter alia*, judicial reexamination of a petitioner's sentence. Wall v. Kohli, 562 U.S. 545, 555–56 (2011). Here, Petitioner's motion to modify sentence was considered and subsequently denied by Toombs County Superior Court Judge Robert S. Reeves. Accordingly, unlike the petitioner in Bridges, Petitioner's application for sentence review was reviewed by her trial judge, as opposed to a sentencing review panel. As a result, her motion to modify sentence tolled the limitations period.

5

limitations was tolled for a period of 323 days while Crawford pursued post-conviction relief in the state courts. Therefore, a period of only 366 untolled days passed prior to Crawford's filing of her Petition in this Court.[4] As a result, Crawford's 28 U.S.C. § 2254 petition was timely filed.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Respondent's Motion to Dismiss Crawford's Section 2254 Petition as untimely, (doc. 18). I further **RECOMMEND** that, should the Court adopt this Report and Recommendation as the opinion of the Court, the parties have a period of sixty (60) days to submit any desired pleadings for the Court's consideration of the relative merits of Crawford's Petition or of any other procedural restrictions on this Court's review of the merits of Crawford's Petition.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

---

[4] Because February 2016 contained 29 days, Crawford had 366 days, as opposed to 365 days, in which to timely file her Petition.

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Crawford and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA